RE゜゜T #_____
A゜゜゜゜T $_____
S゜゜゜゜ONS ISSUED _M/K____
LI゜゜AL RULE 4.1____  ____
WAIVER FORM_____
MOF ISSUED_____
EY DPTY. CLK. _____
DATE ___7-20 05_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOLLY ZUPOFSKA, | ) C.A. No.: |
| | ) |
| Plaintiff, | ) **NOTICE OF REMOVAL** |
| | ) |
| v. | ) |
| | ) |
| WYNDHAM INTERNATIONAL, INC. | ) |
| | ) |
| Defendant. | ) |

05 1 1532 RWZ

TO:   THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT                    MAGISTRATE JUDGE _____
      DISTRICT OF MASSACHUSETTS

The defendant, WYNDHAM INTERNATIONAL, INC., (hereinafter referred to as

"Defendant"), by and through their attorneys, Taylor, Duane, Barton & Gilman, LLP

respectfully says:

1.   The petitioner is a defendant in the above-entitled action.

2.   The plaintiff commenced the above-captioned action on or about April 4,

2005, by filing a Complaint in the Superior Court Department of the Trial Court, Suffolk

County, Commonwealth of Massachusetts, entitled Holly Zupofska v. Wyndham

International, Inc., Civil Action No. 2005-1302.  This action is now pending in that Court.

3.   On or about July 1, 2005, the plaintiff served copies of the Summons and

Complaint upon the Defendant, Wyndham International, Inc., via Corporation Service

Company, its registered agent.  A copy of each of the foregoing papers, which constitute all

of the processes and pleadings to date, are annexed hereto as Exhibit "A."

4.      This claim or cause of action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §1441.

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, in that:

(a)     Defendant Wyndham International, Inc. is a corporation organized under the laws of the State of Delaware. The Defendant's principal place of business is located at 1950 Stemmons Freeway, Dallas, Texas 75207.

(b)     According to paragraph 1 of the plaintiff's Complaint, the plaintiff is an individual who resides in Taunton, Massachusetts.

(c)     This civil action is an action for personal injuries in which the plaintiff is alleging, among other things, that she was caused personal injuries as a result of the failure of the Defendant to provide safe and reasonable accommodations to the plaintiff during a vacation at a resort hotel in St. Thomas. The plaintiff alleges that she was sexually assaulted while at said resort.

(d)     The amount in controversy, upon information and belief, exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states. According to her Complaint, the plaintiff, Holly Zupofska, claims that she has sustained physical and emotional injury, as well as economic loss. According to the settlement demand letter attached as Exhibit "A" to her Complaint, the plaintiff seeks damages in the amount of $2,000,000. Therefore, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

6.     This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

7.     Upon the filing of this Notice of Removal, the Defendant shall give written notice thereof to William E. Gately, Jr., Esq., attorney for the plaintiff, and the Defendant shall file copies of this Notice of Removal and Notice of Filing of Removal, with the Court Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts.

8.     By filing this Notice of Removal, the Defendant does not waive any defenses that may be available to it, specifically including, but not limited to, improper service of process, misnomer of a party and the absence of venue in this Court or in the Court from which this action has been removed.

WHEREFORE, the Defendant, Wyndhman International, Inc., removes the above-captioned action now pending against them in the Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts, wherein it shall proceed as an action originally commenced therein.

Dated: July 20, 2005

The Defendant,
Wyndham International, Inc.,
By its Attorneys,

Edward D. Shoulkin
B.B.O. No.: 555483
Eric M. Chodkowski
B.B.O. No.: 648629
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, hereby certify that on July 20, 2005, I caused a copy of the Defendant's Notice of Removal to be served by overnight mail, postage prepaid to William E. Gately, Jr., 400 Washington Street, Braintree, MA 02185, attorney for the plaintiff.

I hereby further certify that on this date I caused a copy of the Defendant's Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing by hand delivery, to the Civil Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts.

Edward D. Shoulkin

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _SUC02005 - 1302Y_

Holly   Zipofska   , Plaintiff(s)

v.

Wyndham Internationall Itz Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Willen E Gadd Jr_ _400 Woshington St Braintree, MA 02184_ plaintiff's attorney, whose address is _400 washington st Braintree, MA 02-B_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the ___30___ day of _June_, in the year of our Lord two thousand _05_.

*Michael Joseph Donovan*

A true copy Attest: _John Cotter_
Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**CORPORATION SERVICE COMPANY®**

RECEIVED

JUL 0 5 2005

WYNDHAM LEGAL DEPT.

# Notice of Service of Process

BMZ / ALL
**Transmittal Number: 4063554**
**Date Processed: 07/01/2005**

| | |
|---|---|
| **Primary Contact:** | Shannon Taylor<br>Wyndham International<br>1950 Stemmons Frwy<br>Suite 6001<br>Dallas, TX 75207 |

C/D/F/R TO Risk

| | |
|---|---|
| **Entity:** | Wyndham International Inc.<br>Entity ID Number 1893385 |
| **Entity Served:** | Wyndham International, Inc. |
| **Title of Action:** | Holly Zupofska vs. Wyndham International, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Suffolk County Superior Court , Massachusetts |
| **Case Number:** | SUCV2005-130 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 07/01/2005 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney :** | William E Gately, Jr.<br>None Given |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: **Suffolk** | Docket Number: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Holly Zupofska | Wyndham International nc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| William E. Gately, Jr. - Attorney at Law<br>100 Washington Street, Suite 201, Braintree, MA 02184 – | -<br>- |
| Board of Bar Overseers Number    549132 | |

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial)
☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C    (F)  (X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial)    (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60)    (X)
☐ 6. E10 Summary Process Appeal    (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | f#A | ( F ) | (  ) Yes    (  ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
### (Attach additional sheets as necessary)

| | | | |
|---|---|---|---|
| A. | Documented medical expenses to date: | | |
| | 1. Total hospital expenses..................................................................$ | | 450.00 |
| | 2. Total Doctor expenses....................................................................$ | | 3300.000 |
| | 3. Total chiropractic expenses............................................................$ | | 0.00 |
| | 4. Total physical therapy expenses......................................................$ | | 0.00 |
| | 5. Total other expenses.....................................................................$ | | 1.00 |
| | **Subtotal** | **$** | **3,751.00** |
| B. | Documented lost wages and compensation to date....................................$ | | 2,000.00 |
| C. | Documented property damages to date....................................................$ | | 0.00 |
| D. | Reasonable anticipated future medical and hospital expenses......................$ | | 0.00 |
| E. | Reasonable anticipaged lost wages........................................................$ | | 0.00 |
| F. | Other documented items of damages (describe): 93A Damges caused by Defendants failure to settle claim and breach of contract | | |
| | | $ | 0.00 |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe): | | |
| | The Plaintiff ws sexually assualted while on cacation by a an employee of the Defendant. The Defendatnt failed to settle claim or specify reason for its denial of laibility. The Defeant breached contract with the Plaintiff.. | | |
| | | $ | 0.00 |
| | **TOTAL** | **$** | **5,751.00** |

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):    The Defeneant failed to provide a trip that the Palintiff won whch was safe.

**TOTAL  $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

Signature of Attorney of Record                              DATE:

O.S.C. 2003                                                              PSC (800) 518-8726 – c.g.f.

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 | Land Taking (eminent domain) | (F) | E02 | Appeal from Administrative Agency, G.L.c.30A | (X) |
| A02 Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L.c.40A | (F) | E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| A03 Commercial Paper | (F) | C03 | Dispute Concerning Title | (F) | E05 | All Arbitration | (X) |
| A08 Sale or lease of real estate | (F) | C04 | Foreclosure of Mortgage | (X) | E07 | G.L.c.112, s.12S (Mary Moe) | (X) |
| A12 Construction Dispute | (A) | C05 | Condominium lien & charges | (X) | E08 | Appointment of Receiver | (X) |
| A99 Other (Specify) | (F) | C99 | Other (Specify) | (X) | E09 | General Contractor bond, G.L.c.149, s.29, 29A | (A) |
| TORT | | | EQUITABLE REMEDIES | | | E11 | Workers' Compensation | (X) |
| B03 Motor Vehicle Negligence- Personal Injury/Property Damage | (F) | D01 | Specific performance of contract | (A) | E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| | | D02 | Reach and Apply | (F) | E14 | G.L.c.123A, s.9 (SDP Petition) | (X) |
| B04 Other Negligence- Personal Injury/Property Damage | (F) | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| | | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act, G.L.c.12, s.11H | (A) |
| B06 Malpractice-Medical | (A) | D10 | Accounting | (A) | E18 | Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D12 | Dissolution of Partnership | (F) | E19 | Sex Offender Registry, G.L.c. 178M, s.6 | (X) |
| B08 Wrongful death, G.L.c.229, s.2A | (A) | D13 | Declaratory Judgment, G.L.c. 231A | (A) | E25 | Pleural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E95 | Forfeiture, G.L.c.94C, s.47 | (F) |
| B19 Asbestos | (A) | | | | E96 | Prisoner Cases | (F) |
| B20 Personal Injury-Slip&Fall | (F) | | | | E97 | Prisoner Habeus Corpus | (X) |
| B21 Environmental | (F) | | | | E99 | Other (Specify) | (X) |
| B22 Employment Discrimination | (F) | | | | | | |
| B99 Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets s necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money amages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant gether with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall** anser the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect adequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which ay result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK**

**SUPERIOR COURT DEPARTMENT**
**C.A.**

```
****************************
```
**HOLLY ZUPOFSKA**              *
    **Plaintiff**              *
                    *

**v.**              *
                    *

**WYNDHAM INTERNATIONAL,** *
**INC.**              *
    **Defendant**              *
```
****************************
```

## COMPLAINT AND JURY CLAIM

Now comes the Plaintiff and states the following:

### I.    THE PARTIES

1. The Plaintiff, Holly Zupofska is an individual residing in Taunton, Massachusetts at all times relevant to this complaint.

2. The Defendant Wyndham International, Inc. is a foreign corporation doing business through the Commonwealth of Massachusetts including Suffolk County.

### II.    GENERAL STATMENET OF FACTS

3. The Plaintiff Holly Zupofska at all times relevant to this complaint was an employee of National Leisure Group, Inc of Woburn Massachusetts

4. The Plaintiff was employed as a travel consultant for National Leisure Group, Inc. at all times relevant to this complaint

5. In January of 2001 while an employee of the National Leisure Group, Inc the Plaintiff sold trips on behalf of the Defendant at a travel exhibition held in Boston, Massachusetts at the Bayside Exposition Center.

6.     As a part of this travel exhibition the Plaintiff was eligable and took part in a sales contest

7.     The Plaintiff won the sales contest and was awarded a free trip for two at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas, USVI for two.

8.     As a part of this trip the Plaintiff would be viewed as a representative of her employer, National Leisure Group, Inc.

9.     The Plaintiff along with a Guest (another employee of national Leisure Group, Inc. arrived at the resort on or about March 31, 2002.

10.    Upon arrival at the resort and check-in the Plaintiff proceeded to the Buffet and pool area where she was greeted by the Hotel's Activities Director, Patrick Taylor

11.    The Defendant's Activities Director greeted the Plaintiff and her guest and advised them that they should contact him if they needed anything.

12.    During the course of the remainder of the evening the Plaintiff and Patrick Taylor discussed the many features of the resort, the changes from the previous year and other general business matters.

13.    During the Course of the evening the Plaintiff and the Patrick Taylor ate and drank at the Hotel Buffet.

14.    During the evening the Plaintiff was sexually assaulted by Patrick Taylor the Defendant's activities director.

15.    Upon information and belief the Defendant's employee, servant and agent, Patrick Taylor had engaged in al least one earlier incident of inappropriate sexual behavior of which the Defendant was aware or should have been aware

16.    Upon information and belief the Defendant's failed to discipline and/or terminate this employee, servant and agent for this previous incident of inappropriate sexual behavior.

17.    During the preceding days the plaintiff reported the incident to the management of the Resort and to local law enforcement authorities.

## COUNT I.-REACH OF CONTRACT

18. The Plaintiff re-alleges paragraphs 1 thru 20 as previously stated and further alleges

19. The Defendant entered into a contract with National Leisure Group, Inc. and its employee(s) to provide a free trip to the employee who was the top sales consultant at the travel exhibition.

20. The formation of this contract occurred within the Commonwealth of Massachusetts.

21. The trip was to be all inclusive.

22. As a part of this contract the Defendant had a duty to provide safe and reasonable accommodations to the Plaintiff as the winner of the sales contest and her guest.

23. The Defendant breached this contract by employing the person who assaulted her and allowing conditions to exist under which the Plaintiff was put in contact with this dangerous individual in his role as a representative, employee, servant and/or consultant for the Defendant.

24. As a result of this assault the Plaintiff has sustained economic loss which includes loss of income opportunities, loss of travel opportunities and a diminishment in the ability of the Plaintiff to work as a travel agent.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT II-UNFAIR AND DECEPTIVE BUISNESS PRACTICES

25. The Plaintiff re-alleges paragraphs 1 thru 33 as previously stated and further alleges

26. The facts and allegations as stated above also represent a violation of Chapter 93A of the Massachusetts General Law.

27. On or about October 16, 2001 the Defendant was served with a Demand for Settlement.

28. The Defendant failed during the subsequent 30 days or at anytime since then to extend a reasonable settlement offer.

29. Wherefore the Plaintiff requests that the Court find that the Defendant has violated Chapter 93A.

30. The Plaintiff further requests that any damages awarded to her be trebled and that she be awarded attorneys fee and reasonable costs in accordance with the provisions of Chapter 93A of the Massachusetts General Law.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

Respectfully Submitted
The Plaintiff
By her Attorney,

William E. Gately, Jr.
BBO#: 549132
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA 02185

# LAW OFFICE OF DAVID GROSSACK, P.C.

Post Office Box 90
Hull, Massachusetts 02045
Telephone: (781) 261-9990
Facsimile: (781) 261-9996

October 16, 2001

Mr. Ted Teng
Wyndham International
1950 North Stemmons Freeway, Suite 6061
Dallas, TX  75207

Dear Mr. Teng:

Please be advised the undersigned represents Ms. Holly Zupofska in her claim against your corporation for negligence, unfair and deceptive business practices, breach of contract and other tortious wrongdoing arising from an incident which occurred at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas.

My client is employed as a travel consultant by National Leisure Group in Taunton, Massachusetts. At a recent travel show she was a winner of a contest sponsored by your company in which the prize was a vacation at the Wyndham Resort in St. Thomas.

Ms. Zupofska arrived at the resort on March 31, 2001.

The hotel's activities director, Patrick Taylor, introduced himself to my client in a representative capacity of your hotel. His pretext for meeting and speaking with my client was to explain to her the features of the hotel for promotional use in the travel business. He invited himself to join her and then spiked her drink with a date rape drug.

Ms. Zupofska was later raped and sodomized by your employee on the beach near the hotel, and she continues to suffer great emotional distress from the incident.

It is our understanding that Mr. Taylor had been disciplined for inappropriate sexual conduct in the past by your company.

The hiring, lax supervision, and maintaining on the payroll of Mr. Taylor breached a duty of care owed to patrons.

Page 2 of 2
October 16, 2001 - Ted Teng, Wyndham International
Re: Holly Zupofska

Moreover, because the conduct of your employee was an outrageous criminal act conducted in the context of a "business to business" relationship between your company and Ms. Zupofska in her capacity as a travel agent, Massachusetts Law Chapter 93A applies.

This statute makes all unfair and deceptive business practices unlawful. The hiring of a dangerous sexual predator such as Mr. Taylor, and keeping him employed after he was known as such, was surely an unfair business practice. If he had not been employed by your company, he would never have been in a position to abuse my client.

Clearly when Ms. Zupofska agreed to accept her prize and come to your hotel she had no idea of the risks involved.

As a direct and proximate cause of your company's neglect, my client has suffered a trauma which will impact her for the rest of her life.

Therefore, I am demanding as compensation for her the sum of $2,000,000.00.

Massachusetts General Law Chapter 93A allows you thirty (30) days to respond to this claim after a diligent investigation. Failure to respond to this demand when liability and damages are clear may subject your company treble damages and responsibilities for my fee.

I would therefore expect you to reply to this demand promptly after a reasonable good faith investigation of this incident.

Sincerely,

David C. Grossack

DCG/jls

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Holly Zupofska | Wyndham International, Inc. |

| **(b)** County of Residence of First Listed Plaintiff    Bristol County, Mass. <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant    Dallas County, Texas <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| William E. Gately, Jr. <br> 400 Washington Street  Braintree, MA 02185 (781)848-1200 | Edward D. Shoulkin  Eric M. Chodkowski  160 Federal Street <br> Taylor, Duane, Barton & Gilman    Boston, MA 617-654-8200 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br> Liability <br> ☐ 320 Assault, Libel & <br> Slander <br> ☐ 330 Federal Employers' <br> Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br> Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br> Product Liability <br> ☒ 360 Other Personal <br> Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - <br> Med. Malpractice <br> ☐ 365 Personal Injury - <br> Product Liability <br> ☐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br> Property Damage <br> ☐ 385 Property Damage <br> Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational <br> Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards <br> Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting <br> & Disclosure Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br> 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ <br> Exchange <br> ☐ 875 Customer Challenge <br> 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br> Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - <br> Employment <br> ☐ 446 Amer. w/Disabilities - <br> Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate <br> Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. <br> Security Act | ☐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ☐ 871 IRS—Third Party <br> 26 USC 7609 | ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information <br> Act <br> ☐ 900Appeal of Fee Determination <br> Under Equal Access <br> to Justice <br> ☐ 950 Constitutionality of <br> State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):   28 U.S.C. §1332

Brief description of cause:   Plaintiff alleges that she suffered personal injuries as a result of a sexual assault that occurred at a hotel and resort in March, 2001.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**  $2,000,000

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  7/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    Holly Zupofska v. Wyndham International, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| ✓ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

05 1 1 5 3 2 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES ☐        NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                            YES ☐        NO ✓

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES ☐        NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                            YES ☐        NO ✓

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐         Central Division ☐              Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division ✓         Central Division ☐              Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                            YES ☐        NO ✓

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Edward D. Shoulkin, Esq.    Eric M. Chodkowski, Esq.

ADDRESS    Taylor, Duane, Barton & Gilman, LLP   160 Federal Street  Boston, MA 02110

TELEPHONE NO.   (617) 654-8200

(CategoryForm.wpd  - 5/2/05)