

**TAYLOR DUANE BARTON & GILMAN LLP**
ATTORNEYS AT LAW

WRITER'S E-MAIL ADDRESS:
eshoulkin@tdbgllp.com

July 21, 2005

**BY HAND DELIVERY**

Civil Clerk's Office
United States District Court
District of Massachusetts
1 Court House Way
Boston, MA 02210

Re:   Holly Zupofska v. Wyndham International, Inc.
      United States District Court, C.A. No.: 05-11532 RWZ

Dear Sir/Madam:

Pursuant to Local Rule 81.1, we are enclosing for filing in the above matter certified copies of all records and docket entries in the Suffolk Superior Court. This case was removed to the United States District Court on July 20, 2005.

Very truly yours,

Edward D. Shoulkin

EDS/jcm
Enclosures
cc:   William E. Gately, Jr., Esq.

160 FEDERAL STREET · BOSTON · MA · 02110    617.654.8200    FAX 617.482.5350    10 DORRANCE STREET · PROVIDENCE · RI · 02903    401.273.7171    401.273.2904

MASXP-20050325    Case 1:05-cv-11532-RWZ    Document 4    Filed 07/21/2005    Page 2 of 18    07/21/2005
guen                                         Commonwealth of Massachusetts                                  10:16 AM
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01302
### Zupofska v Wyndham International Inc

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/04/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 07/20/2005 | **Session** | E - Civil E, 3 Pemberton Square, Boston | | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | | |
| **Lead Case** | | **Track** | F | | | |
| **Service** | 07/03/2005 | **Answer** | 09/01/2005 | | **Rule12/19/20** | 09/01/2005 |
| **Rule 15** | 09/01/2005 | **Discovery** | 01/29/2006 | | **Rule 56** | 02/28/2006 |
| **Final PTC** | 03/30/2006 | **Disposition** | 05/29/2006 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Holly Zupofska
Active 04/04/2005

Private Counsel 549132
William E Gately Jr
400 Washington Street, Suite 201
PO Box 850920
Braintree, MA 02185
Phone: 781-848-1200
Fax: 781-848-1383
Active 04/04/2005 Notify

**Defendant**
Wyndham International Inc
Service pending 04/04/2005

Private Counsel 555483
Edward D Shoulkin
Taylor Duane Barton & Gilman
160 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-654-8200
Fax: 617-482-5350
Active 07/20/2005 Notify

Private Counsel 648629
Eric M Chodkowski
Taylor Duane Barton & Gilman
160 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-654-8208
Fax: 617-482-5350
Active 07/20/2005 Notify

I HEREBY ATTEST AND CERTIFY ON JULY 21, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASSISTANT CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/04/2005 | 1.0 | Complaint & jury demand on complaint |
| 04/04/2005 | | Origin 1, Type A99, Track F. |
| 04/04/2005 | 2.0 | Civil action cover sheet filed |
| 07/20/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Wyndham International, Inc., U. S. Dist.#(05-11532RWZ). |
| 07/20/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk | Docket Number: 05-1302 E |
|---|---|---|
| PLAINTIFF(S) Holly Zupofska | DEFENDANT(S) Wyndham International nc. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William E. Gately, Jr. - Attorney at Law 400 Washiington Street, Suite 201, Braintree, MA 02184 - Board of Bar Overseers Number   549132 | ATTORNEY (if known) | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | (#A | ( F ) | ( ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses........................................................................ $ 450.00
2. Total Doctor expenses.......................................................................... $ 3300.000
3. Total chiropractic expenses.................................................................. $ 0.00
4. Total physical therapy expenses.......................................................... $ 0.00
5. Total other expenses............................................................................ $ 1.00
   Subtotal $ 3,751.00
B. Documented lost wages and compensation to date.................................. $ 2,000.00
C. Documented property damages to date.................................................... $ 0.00
D. Reasonable anticipated future medical and hospital expenses................ $ 0.00
E. Reasonable anticipaged lost wages.......................................................... $ 0.00
F. Other documented items of damages (describe): 93A Damges caused by Defendants failure to settle claim and breach of contract.
   $ 0.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe):
   The Plaintiff ws sexually assualted while on cacation by a an employee of the Defendant. The Defendatnt failed to settle claim or specify reason for its denial of laibility. The Defeant breached contract with the Plaintiff..
   $ 0.00
   TOTAL $ 5,751.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   The Defeneant failed to provide a trip that the Palintiff won whch was safe.

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record                 DATE: 3/31/05

I HEREBY ATTEST AND CERTIFY ON
JULY 20, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
        ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

| SUFFOLK | SUPERIOR COURT DEPARTMENT |
| --- | --- |
| | C.A. |

****************************** 05-1302

**HOLLY ZUPOFSKA**
    **Plaintiff**

v.

**WYNDHAM INTERNATIONAL, INC.**
    **Defendant**
******************************

## COMPLAINT AND JURY CLAIM

Now comes the Plaintiff and states the following:

### I.   THE PARTIES

1. The Plaintiff, Holly Zupofska is an individual residing in Taunton, Massachusetts at all times relevant to this complaint.

2. The Defendant Wyndham International, Inc. is a foreign corporation doing business through the Commonwealth of Massachusetts including Suffolk County.

### II.   GENERAL STATMENET OF FACTS

3. The Plaintiff Holly Zupofska at all times relevant to this complaint was an employee of National Leisure Group, Inc of Woburn Massachusetts

4. The Plaintiff was employed as a travel consultant for National Leisure Group, Inc. at all times relevant to this complaint

5. In January of 2001 while an employee of the National Leisure Group, Inc the Plaintiff sold trips on behalf of the Defendant at a travel exhibition held in Boston, Massachusetts at the Bayside Exposition Center.

6. As a part of this travel exhibition the Plaintiff was eligible and took part in a sales contest

7. The Plaintiff won the sales contest and was awarded a free trip for two at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas, USVI for two.

8. As a part of this trip the Plaintiff would be viewed as a representative of her employer, National Leisure Group, Inc.

9. The Plaintiff along with a Guest (another employee of national Leisure Group, Inc. arrived at the resort on or about March 31, 2002.

10. Upon arrival at the resort and check-in the Plaintiff proceeded to the Buffet and pool area where she was greeted by the Hotel's Activities Director, Patrick Taylor

11. The Defendant's Activities Director greeted the Plaintiff and her guest and advised them that they should contact him if they needed anything.

12. During the course of the remainder of the evening the Plaintiff and Patrick Taylor discussed the many features of the resort, the changes from the previous year and other general business matters.

13. During the Course of the evening the Plaintiff and the Patrick Taylor ate and drank at the Hotel Buffet.

14. During the evening the Plaintiff was sexually assaulted by Patrick Taylor the Defendant's activities director.

15. Upon information and belief the Defendant's employee, servant and agent, Patrick Taylor had engaged in al least one earlier incident of inappropriate sexual behavior of which the Defendant was aware or should have been aware

16. Upon information and belief the Defendant's failed to discipline and/or terminate this employee, servant and agent for this previous incident of inappropriate sexual behavior.

17. During the preceding days the plaintiff reported the incident to the management of the Resort and to local law enforcement authorities.

## COUNT I.-REACH OF CONTRACT

18. The Plaintiff re-alleges paragraphs 1 thru 20 as previously stated and further alleges

19. The Defendant entered into a contract with National Leisure Group, Inc. and its employee(s) to provide a free trip to the employee who was the top sales consultant at the travel exhibition.

20. The formation of this contract occurred within the Commonwealth of Massachusetts.

21. The trip was to be all inclusive.

22. As a part of this contract the Defendant had a duty to provide safe and reasonable accommodations to the Plaintiff as the winner of the sales contest and her guest.

23. The Defendant breached this contract by employing the person who assaulted her and allowing conditions to exist under which the Plaintiff was put in contact with this dangerous individual in his role as a representative, employee, servant and/or consultant for the Defendant.

24. As a result of this assault the Plaintiff has sustained economic loss which includes loss of income opportunities, loss of travel opportunities and a diminishment in the ability of the Plaintiff to work as a travel agent.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT II-UNFAIR AND DECEPTIVE BUISNESS PRACTICES

25. The Plaintiff re-alleges paragraphs 1 thru 33 as previously stated and further alleges

26. The facts and allegations as stated above also represent a violation of Chapter 93A of the Massachusetts General Law.

27. On or about October 16, 2001 the Defendant was served with a Demand for Settlement.

28. The Defendant failed during the subsequent 30 days or at anytime since then to extend a reasonable settlement offer.

29. Wherefore the Plaintiff requests that the Court find that the Defendant has violated Chapter 93A.

30. The Plaintiff further requests that any damages awarded to her be trebled and that she be awarded attorneys fee and reasonable costs in accordance with the provisions of Chapter 93A of the Massachusetts General Law.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

Respectfully Submitted
The Plaintiff
By her Attorney,

William E. Gately, Jr.
BBO#: 549132
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA 02185

I HEREBY ATTEST AND CERTIFY ON
JULY 20, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

Exhibit A

# LAW OFFICE OF DAVID GROSSACK, P.C.
Post Office Box 90
Hull, Massachusetts 02045
Telephone: (781) 261-9990
Facsimile: (781) 261-9996

October 16, 2001

Mr. Ted Teng
Wyndham International
1950 North Stemmons Freeway, Suite 6061
Dallas, TX 75207

Dear Mr. Teng:

Please be advised the undersigned represents Ms. Holly Zupofska in her claim against your corporation for negligence, unfair and deceptive business practices, breach of contract and other tortious wrongdoing arising from an incident which occurred at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas.

My client is employed as a travel consultant by National Leisure Group in Taunton, Massachusetts. At a recent travel show she was a winner of a contest sponsored by your company in which the prize was a vacation at the Wyndham Resort in St. Thomas.

Ms. Zupofska arrived at the resort on March 31, 2001.

The hotel's activities director, Patrick Taylor, introduced himself to my client in a representative capacity of your hotel. His pretext for meeting and speaking with my client was to explain to her the features of the hotel for promotional use in the travel business. He invited himself to join her and then spiked her drink with a date rape drug.

Ms. Zupofska was later raped and sodomized by your employee on the beach near the hotel, and she continues to suffer great emotional distress from the incident.

It is our understanding that Mr. Taylor had been disciplined for inappropriate sexual conduct in the past by your company.

The hiring, lax supervision, and maintaining on the payroll of Mr. Taylor breached a duty of care owed to patrons.

Page 2 of 2
October 16, 2001 - Ted Teng, Wyndham International
Re: Holly Zupofska

Moreover, because the conduct of your employee was an outrageous criminal act conducted in the context of a "business to business" relationship between your company and Ms. Zupofska in her capacity as a travel agent, Massachusetts Law Chapter 93A applies.

This statute makes all unfair and deceptive business practices unlawful. The hiring of a dangerous sexual predator such as Mr. Taylor, and keeping him employed after he was known as such, was surely an unfair business practice. If he had not been employed by your company, he would never have been in a position to abuse my client.

Clearly when Ms. Zupofska agreed to accept her prize and come to your hotel she had no idea of the risks involved.

As a direct and proximate cause of your company's neglect, my client has suffered a trauma which will impact her for the rest of her life.

Therefore, I am demanding as compensation for her the sum of $2,000,000.00.

Massachusetts General Law Chapter 93A allows you thirty (30) days to respond to this claim after a diligent investigation. Failure to respond to this demand when liability and damages are clear may subject your company treble damages and responsibilities for my fee.

I would therefore expect you to reply to this demand promptly after a reasonable good faith investigation of this incident.

Sincerely,

David C. Grossack

DCG/jls

# LAW OFFICE OF DAVID GROSSACK, P.C.
Post Office Box 90
Hull, Massachusetts 02045
Telephone: (781) 261-9990
Facsimile: (781) 261-9996

December 21, 2001

Ms. Diana Rivera-Guilbe
Crawford
P.O. Box 71399
San Juan, Puerto Rico 00936-8499

Re: **HOLLY ZUPOFSKA**
    **File # 88-10646-DR**

Dear Ms. Rivera-Guilbe:

This is to follow-up your letter of October 30, 2001 concerning the above referenced matter.

My office has not been contacted by your local office about this case.

I would suggest that this matter receive your company's attention as soon as possible.

Thank you,

David Grossack

DCG/jls



Suffolk Superior Civil # 05-1302

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOLLY ZUPOFSKA, ) | C.A. No.: |
| ) | |
| Plaintiff, ) | **NOTICE OF REMOVAL** |
| ) | |
| v. ) | |
| ) | |
| WYNDHAM INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | **05 11532 RWZ** |

TO:   THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      DISTRICT OF MASSACHUSETTS

The defendant, WYNDHAM INTERNATIONAL, INC., (hereinafter referred to as "Defendant"), by and through their attorneys, Taylor, Duane, Barton & Gilman, LLP, respectfully says:

1.  The petitioner is a defendant in the above-entitled action.

2.  The plaintiff commenced the above-captioned action on or about April 4, 2005, by filing a Complaint in the Superior Court Department of the Trial Court, Suffolk County, Commonwealth of Massachusetts, entitled <u>Holly Zupofska v. Wyndham International, Inc.</u>, Civil Action No. 2005-1302. This action is now pending in that Court.

3.  On or about July 1, 2005, the plaintiff served copies of the Summons and Complaint upon the Defendant, Wyndham International, Inc., via Corporation Service Company, its registered agent. A copy of each of the foregoing papers, which constitute all of the processes and pleadings to date, are annexed hereto as Exhibit "A."

4.  This claim or cause of action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §1441.

5.  This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, in that:

(a)  Defendant Wyndham International, Inc. is a corporation organized under the laws of the State of Delaware. The Defendant's principal place of business is located at 1950 Stemmons Freeway, Dallas, Texas 75207.

(b)  According to paragraph 1 of the plaintiff's Complaint, the plaintiff is an individual who resides in Taunton, Massachusetts.

(c)  This civil action is an action for personal injuries in which the plaintiff is alleging, among other things, that she was caused personal injuries as a result of the failure of the Defendant to provide safe and reasonable accommodations to the plaintiff during a vacation at a resort hotel in St. Thomas. The plaintiff alleges that she was sexually assaulted while at said resort.

(d)  The amount in controversy, upon information and belief, exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states. According to her Complaint, the plaintiff, Holly Zupofska, claims that she has sustained physical and emotional injury, as well as economic loss. According to the settlement demand letter attached as Exhibit "A" to her Complaint, the plaintiff seeks damages in the amount of $2,000,000. Therefore, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

6.  This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

7.  Upon the filing of this Notice of Removal, the Defendant shall give written notice thereof to William E. Gately, Jr., Esq., attorney for the plaintiff, and the Defendant shall file copies of this Notice of Removal and Notice of Filing of Removal, with the Court Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts.

8.  By filing this Notice of Removal, the Defendant does not waive any defenses that may be available to it, specifically including, but not limited to, improper service of process, misnomer of a party and the absence of venue in this Court or in the Court from which this action has been removed.

WHEREFORE, the Defendant, Wyndhman International, Inc., removes the above-captioned action now pending against them in the Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts, wherein it shall proceed as an action originally commenced therein.

Dated: July 20, 2005

>The Defendant,
>Wyndham International, Inc.,
>By its Attorneys,
>
>*/s/ Edward D. Shoulkin*
>Edward D. Shoulkin
>B.B.O. No.: 555483
>Eric M. Chodkowski
>B.B.O. No.: 648629
>Taylor, Duane, Barton & Gilman, LLP
>160 Federal Street, 5th Floor
>Boston, MA 02110
>(617) 654-8200

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, hereby certify that on July 20, 2005, I caused a copy of the Defendant's Notice of Removal to be served by overnight mail, postage prepaid to William E. Gately, Jr., 400 Washington Street, Braintree, MA 02185, attorney for the plaintiff.

I hereby further certify that on this date I caused a copy of the Defendant's Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing by hand delivery, to the Civil Clerk, Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Suffolk County, Massachusetts.

*/s/ Edward D. Shoulkin*
Edward D. Shoulkin

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 2005-1302

HOLLY ZUPOFSKA,                         )
                                        )
        Plaintiff,                      )       **NOTICE OF FILING**
                                        )       **NOTICE OF REMOVAL**
v.                                      )
                                        )
WYNDHAM INTERNATIONAL, INC.             )
                                        )
        Defendant.                      )
                                        )

Please take notice that on July 20, 2005, the defendant, WYNDHAM INTERNATIONAL, INC., filed a Notice of Removal with the United States District Court for the District of Massachusetts, removing this action to the Federal Court from the Suffolk Superior Court Department of the Trial Court, Commonwealth of Massachusetts. Pursuant to 28 U.S.C. § 1446(d), the Suffolk Superior Court shall proceed no further with this lawsuit.

                                        The Defendant,
                                        Wyndham International, Inc.,
                                        By its Attorneys,

                                        _____
                                        Edward D. Shoulkin
                                        B.B.O. No.: 555483
                                        Eric M. Chodkowski
                                        B.B.O. No.: 648629
                                        Taylor, Duane, Barton & Gilman, LLP
                                        160 Federal Street, 5th Floor
                                        Boston, MA  02110
                                        (617) 654-8200

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 2005-1302

HOLLY ZUPOFSKA,                )
                               )
        Plaintiff,             )
                               )
v.                             )
                               )
WYNDHAM INTERNATIONAL, INC.    )
                               )
        Defendant.             )

## NOTICE OF APPEARANCE

Please enter my appearance as attorney for the defendant, Wyndham International, Inc., in the above captioned matter.

                                        The Defendant,
                                        Wyndham International, Inc.,
                                        By its Attorney,

                                        _____
                                        Eric M. Chodkowski
                                        B.B.O. No.: 648629
                                        Taylor, Duane, Barton & Gilman, LLP
                                        160 Federal Street, 5th Floor
                                        Boston, MA  02110
                                        (617) 654-8200

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 2005-1302

HOLLY ZUPOFSKA,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
WYNDHAM INTERNATIONAL, INC.            )
                                       )
        Defendant.                     )

## NOTICE OF APPEARANCE

Please enter my appearance as attorney for the defendant, Wyndham International, Inc., in the above captioned matter.

                                        The Defendant,
                                        Wyndham International, Inc.,
                                        By its Attorney,

                                        /s/ Edward D. Shoulkin
                                        Edward D. Shoulkin
                                        B.B.O. No.: 555483
                                        Taylor, Duane, Barton & Gilman, LLP
                                        160 Federal Street, 5th Floor
                                        Boston, MA  02110
                                        (617) 654-8200

## CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for the defendant, Wyndham International, Inc., hereby certify that on July 20, 2005, I served copies of the following:

1. Notice of Appearance of Edward D. Shoulkin, Esq.;

2. Notice of Appearance of Eric M. Chodkowski, Esq.;

3. Notice of Filing Notice of Removal; and

4. Certified Copy of Notice of Removal filed with United States District Court.

by mailing said copies, overnight mail to:

William E. Gately, Jr., Esq.
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA  02185

Edward D. Shoulkin