UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOLLY ZUPOFSKA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WYNDHAM INTERNATIONAL, INC. )<br>)<br>Defendant. )<br>) | C.A. No.:   05-11532 RWZ |

### ANSWER OF THE DEFENDANT, WYNDHAM INTERNATIONAL, INC., TO THE PLAINTIFF'S COMPLAINT AND JURY CLAIM

The defendant, Wyndham International, Inc. (hereinafter referred to as "Defendant"), by and through its attorneys, Taylor, Duane, Barton & Gilman, LLP, respectfully responds to each and every corresponding paragraph of the plaintiff's Complaint as follows:

#### PARTIES

1.  The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 1 of the plaintiff's Complaint and, therefore, denies the same.

2.  The Defendant admits that it is a foreign corporation, but denies the remaining allegations contained in paragraph 2 of the plaintiff's Complaint.

## GENERAL STATMENET (SIC.) OF FACTS

3. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 3 of the plaintiff's Complaint and, therefore, denies the same.

4. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 4 of the plaintiff's Complaint and, therefore, denies the same.

5. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 5 of the plaintiff's Complaint and, therefore, denies the same.

6. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 6 of the plaintiff's Complaint and, therefore, denies the same.

7. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 7 of the plaintiff's Complaint and, therefore, denies the same.

8. The Defendant denies the allegations contained in paragraph 8 of the plaintiff's Complaint.

9. The Defendant denies the allegations contained in paragraph 9 of the plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 10 of the plaintiff's Complaint and, therefore, denies the same.

11. The Defendant denies the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the plaintiff's Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the plaintiff's Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the plaintiff's Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the plaintiff's Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the plaintiff's Complaint.

17. The Defendant admits that the plaintiff reported to hotel personnel that she awoke on the beach and did not know whether or not she had been sexually assaulted by or otherwise engaged in sexual conduct with Patrick Taylor. The Defendant denies the remaining allegations contained in paragraph 17 of the plaintiff's Complaint.

## COUNT I – REACH (SIC.) OF CONTRACT

18. The Defendant incorporates by reference its responses to paragraphs 1 through 20 (sic.) of the plaintiff's Complaint as though expressly set forth herein.

19. The Defendant denies the allegations contained in paragraph 19 of the plaintiff's Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the plaintiff's Complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the plaintiff's Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the plaintiff's Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the plaintiff's Complaint and denies that the plaintiff is entitled to any relief whatsoever.

## COUNT II – UNFAIR AND DECEPTIVE BUISNESS (SIC.) PRACTICES

25. The Defendant incorporates by reference its responses to paragraphs 1 through 33 (sic.) of the plaintiff's Complaint as though expressly set forth herein.

26. The Defendant denies the allegations contained in paragraph 26 of the plaintiff's Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the plaintiff's Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the plaintiff's Complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the plaintiff's Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the plaintiff's Complaint and further denies that the plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The defendant, Wyndham International, Inc., having denied each and every allegation contained in the plaintiff's Complaint not expressly admitted above, states as affirmative defenses the following:

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's Complaint and each respective count thereof fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the causes of action asserted by the plaintiff are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that to the extent that this Court lacks subject matter jurisdiction over the plaintiff's claims, this case should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that to the extent that this Court lacks personal jurisdiction over the Defendant, this case should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that to the extent that venue is improper, this case should be dismissed.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's Complaint should be dismissed for insufficiency of process.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's Complaint should be dismissed for insufficiency of service of process.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that there was and is no privity of contract between the Defendant and the plaintiff.

### NINETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's breach of contract claim is barred due to failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's breach of contract claim is barred by the statute of frauds.

## TWELVETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the plaintiff's Complaint should be dismissed for misnomer of a party.

## FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to comply with the conditions precedent required for the assertion of a claim under G.L. c. 93A, as a result of which such claims are barred.

### THE DEFENDANT DEMANDS A TRIAL BY JURY

Date: July 26, 2005

The Defendant,
Wyndham International, Inc.,
By its Attorneys,

_____
Edward D. Shoulkin
B.B.O. No.: 555483
Eric M. Chodkowski
B.B.O. No.: 648629
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, MA 02110
(617) 654-8200

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on July 26, 2005.

_____
Eric M. Chodkowski

7

## Answers to Complaints

1:05-cv-11532-RWZ Zupofska v. Wyndham International, Inc.

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Chodkowski, Eric M. entered on 7/26/2005 at 2:07 PM EDT and filed on 7/26/2005

**Case Name:** Zupofska v. Wyndham International, Inc.
**Case Number:** 1:05-cv-11532
**Filer:** Wyndham International, Inc.
**Document Number:** 5

**Docket Text:**
ANSWER to Complaint *of Holly Zupofska* by Wyndham International, Inc..(Chodkowski, Eric)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=7/26/2005] [FileNumber=1065465-0
] [dd7ef572013203abde025642a8bea5666358cbd6d238db762ab126ab919cd76724b
e098eb0ca365fcbbdea2dbdf12fe5e5993191ea23e01d0b857daab61506b8]]

**1:05-cv-11532 Notice will be electronically mailed to:**

Eric M. Chodkowski    echodkowski@tdbgllp.com

Edward D. Shoulkin    eshoulkin@tdbgllp.com

**1:05-cv-11532 Notice will not be electronically mailed to:**

William E. Gately, Jr
Law Offices of William E. Gately
400 Washington Street
P.O. Box 850920
Braintree, MA 02185