UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOLLY ZUPOFSKA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WYNDHAM INTERNATIONAL, INC. )<br>)<br>Defendant. )<br>) | C.A. No.:    05-11532 RWZ |

**MOTION OF THE DEFENDANT, WYNDHAM INTERNATIONAL, INC., TO DISMISS THE PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant, Wyndham International, Inc. ("Wyndham"), respectfully moves that this Court dismiss the plaintiff's Complaint on the following grounds:

1. After having her first complaint against Wyndham dismissed by the Suffolk County Superior Court for the Commonwealth of Massachusetts on July 14, 2004 for failure to complete service of process, the plaintiff now attempts to resurrect her time-barred tort claim by re-labeling it as a claim for breach of contract and violation of M.G.L. c. 93A.

2. Specifically, a side-by-side comparison of her March 2004 Complaint and April 2005 Complaint reveals that the gravamen of her two complaints is the same – the plaintiff seeks to recover damages for personal injuries arising from an alleged sexual assault in March 2001.

3. "Under Massachusetts law, the determination of whether the contract or tort statute of limitations applies is controlled by the essential nature of a party's claim." Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 636 (1992) citing Hendrickson v. Sears, 365 Mass. 83, 85 (1974); Kagan v. Levenson, 334 Mass. 100, 103 (1956). "[W]hen the gravamen of the complaint is that the defendant has caused the plaintiff a personal injury, the shorter three-year period applies." Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 823 (1994) citing Royal Globe, 411 Mass. at 637-638 ("[M.G.L. c. 260,] § 2A seeks to insure (sic.) that defendants responsible for personal injuries are not subject to suit for a longer period of time merely because the plaintiff frames her complaint as one for breach of contract").[1]

4. Because the plaintiff's cause of action against Wyndham accrued on March 31, 2001, the three-year statute of limitations for breach of contract for personal injuries set forth in M.G.L. c. 260, §2A has long since passed.

5. Moreover, the plaintiff's M.G.L. c. 93A claim against Wyndham is time-barred under the more generous four-year statute of limitations set forth in M.G.L. c. 260, §5A. M.G.L. c. 260, §5A states, in relevant part, that:

> Actions arising on account of violations of any law intended for the protection of consumers, including … chapter ninety-three A … whether for damages, penalties or other relief and brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues.

---

[1] The tort statute of limitations which is found in M.G.L. ch. 260, §2A states: "Except as otherwise provided, actions of tort, **actions of contract to recover for personal injuries**, and actions of replevin, shall be commenced only within three years next after the cause of action accrues. (Emphasis added.)

6. "The accrual dates of the c. 93A claims are established by the same principles as govern the determination of the underlying actions." Eck v. Kellem, 51 Mass.App.Ct. 850, 853-854 (2001) quoting Hanson Housing Authority v. Dryvit Systems, Inc., 29 Mass.App.Ct. 440, 448 (1990); see also Schwartz v. Travelers Indemnity Company, 50 Mass.App.Ct. 672, 678 (2001). "When the underlying actions constituting the G.L. 93A violation are tortuous in nature, '[t]he accrual date for a c. 93A cause of action is determined by the same principles dispositive of the accrual dates of general tort actions,' that is, 'when the plaintiff knew or should have known of appreciable harm resulting from the defendant's [actions] ...'" Schwartz, 50 Mass.App.Ct. at 678 quoting International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 221 (1990).

7. Because the plaintiff's claims for breach of contract and violation of M.G.L. c. 93A are time-barred, the plaintiff's Complaint should be dismissed in its entirety by this Court.

Pursuant to Local Rule 7.1(B)(1) of the United States District Court for the District of Massachusetts, the grounds supporting this motion are more fully set forth in the accompanying memorandum of law.

WHEREFORE, the defendant, Wyndham International, Inc., requests that this Honorable Court:

A. Dismiss the plaintiff's Complaint because the plaintiff's claims for breach of contract and violation of M.G.L. c. 93A are time-barred under the applicable statutes of limitation; and

B.  Grant such other and further relief as this Court deems fair and just.

Date:  August 1, 2005

The Defendant,
Wyndham International, Inc.,
By its Attorneys,

/s/ Edward D. Shoulkin
Edward D. Shoulkin
B.B.O. No.: 555483
Eric M. Chodkowski
B.B.O. No.: 648629
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, MA  02110
(617) 654-8200

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND CERTIFICATION OF SERVICE**

I hereby certify that prior to filing this motion, I attempted to confer with William Gately, Jr., plaintiff's counsel, regarding the subject matter of this motion. I further certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 1, 2005.

/s/ Edward D. Shoulkin
Edward D. Shoulkin

4