UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HOLLY ZUPOFSKA, | ) | C.A. No.:    05-11532 RWZ |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| WYNDHAM INTERNATIONAL, INC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANT, WYNDHAM INTERNATIONAL, INC., TO DISMISS THE PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### INTRODUCTION

This time-barred claim arises from an incident that allegedly occurred in March of 2001. At the time, the plaintiff was vacationing at a Wyndham hotel and resort located in St. Thomas in the U.S. Virgin Islands. She alleges she was sexually assaulted by a hotel employee with whom she socialized during her stay. The employee in question maintained that the sexual relationship was consensual and denied assaulting her in any way. The plaintiff never filed criminal charges against the employee, but did retain an attorney to assert a claim against Wyndham on her behalf. As the demand letter attached as an exhibit to her Complaint in this lawsuit indicates, in October of 2001 the plaintiff's former attorney tendered a settlement demand to Wyndham in the amount of $2,000,000. Because the hotel's investigation indicated that no assault had taken place and the plaintiff herself had expressed uncertainty whether she, in fact, had been assaulted, no settlement offer was extended.

This is the plaintiff's second lawsuit for the alleged assault. Her first lawsuit against Wyndham International, Inc. ("Wyndham") was filed in March of 2004 in the Suffolk County Superior Court for the Commonwealth of Massachusetts. On July 14, 2004, that Court dismissed the lawsuit because the plaintiff failed to serve the suit papers on Wyndham.

In a legally futile effort to dodge the three year statute of limitations, the plaintiff instituted this second lawsuit in April 2005, styling the case as a claim for breach of contract and violation of M.G.L. c. 93A. A side-by-side comparison of her March 2004 and April 2005 Complaints reveals that the gravamen of her two complaints is the same – the plaintiff seeks to recover damages for personal injuries arising from the alleged sexual assault of March 2001. In her March 2004 Complaint, the plaintiff's claims were framed as tort claims seeking damages for personal injury, but also included a breach of contract claim. Knowing full well that the statute of limitations applies, the plaintiff scrapped all of the previously asserted tort causes of action and, instead, couched her 2005 Complaint as a breach of contract claim for personal injury.

Such artful attempts to circumvent statutes of limitations are prohibited under Massachusetts law. The plaintiff's causes of action against Wyndham accrued on March 31, 2001, and, therefore, the three-year statute of limitations for breach of contract for personal injuries set forth in M.G.L. c. 260, §2A has long since passed. Similarly, the plaintiff's claim against Wyndham under M.G.L. c. 93A is time-barred pursuant to the more generous four-year statute of limitations provided in M.G.L. c. 260, §5A. Accordingly, the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

The plaintiff's claim arises out of her vacation stay at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas, United States Virgin Islands. <u>See</u> Plaintiff's Complaint filed on March 31, 2004, attached hereto as Exhibit "1"; and Plaintiff's Complaint filed on April 4, 2005, attached hereto as Exhibit "2." According to her Complaint, she received this vacation from her employer, National Leisure Group, Inc., as a prize for winning a contest involving the sale of vacation packages at Wyndham resorts. <u>See</u> Exhibit "1", ¶¶ 3-5; and Exhibit "2", ¶¶ 4-7.

Without attaching any such agreement to her pleadings, the plaintiff claims that Wyndham entered into a contract with National Leisure Group, Inc. and its employees to provide a free trip to the employee who was the top sales consultant at the travel exhibition. <u>See</u> Exhibit "2", ¶ 19. The Complaint alleges that, pursuant to this agreement, Wyndham had a duty to provide safe and reasonable accommodations to her as the winner of the sales contest. <u>See</u> Exhibit "2", ¶ 20.

The plaintiff claims that she arrived at the resort on March 31, 2001. <u>See</u> Exhibit "A" to Exhibit "2."[1] That evening, the plaintiff alleges that she met with the resort's Activities Director, Patrick Taylor, and had dinner and drinks with him. <u>See</u> Exhibit "2," ¶ 13. The plaintiff claims that Mr. Taylor sexually assaulted her later that evening. <u>See</u> Exhibit "1," ¶ 6; Exhibit "2," ¶ 14.

---

[1] Paragraph 9 of the plaintiff's Complaint, which is attached as Exhibit "2," contains a typographical error. It mistakenly states that the plaintiff arrived at the resort on or about March 31, 2002 when, in fact, the events in dispute could only have occurred on March 31, 2001. As the October 16, 2001 demand letter attached as Exhibit "A" to the Complaint indicates, the plaintiff arrived at the Resort on March 31, 2001. <u>See</u> Exhibit "A" to Exhibit "2."

On October 16, 2001, the plaintiff's former attorney sent a letter to Wyndham to assert a claim arising from the alleged sexual assault, and to demand settlement of the plaintiff's claim in the amount of $2,000,000. See Exhibit "A" attached to Exhibit "2." In support of the plaintiff's settlement demand, the plaintiff's attorney provided a brief description of the purported events leading up to the alleged sexual assault, and asserted that the plaintiff continues to suffer great emotional distress from the incident and will continue to suffer trauma which will impact her for the rest of her life. See id.

On March 31, 2004, the plaintiff filed a Complaint with the Suffolk County Superior Court for the Commonwealth of Massachusetts. See Exhibit "1." The March 2004 Complaint asserted claims for breach of contract, assault, negligent hiring, negligent training, and negligent supervision. See id. In the Civil Action Cover Sheet she filed with the March 2004 Complaint, the plaintiff described the case as a claim for negligence, and she sought damages for, among other things, $4,300 in psychiatric counseling damages. See id. Despite the passage of approximately four months following the commencement of that lawsuit, the plaintiff never took any steps to serve the Summons and Complaint upon Wyndham. Because the plaintiff failed to make service of process upon Wyndham, the Suffolk Superior Court entered a Judgment of Dismissal sua sponte on July 14, 2004. See Exhibit "3."

On April 4, 2005, more than one year after the plaintiff filed her first ill-fated lawsuit against Wyndham, the plaintiff filed essentially the same Complaint in the Suffolk County Superior Court. Mindful that the statute of limitations had extinguished her claims, she chose this time around to omit the tort claims of assault, negligent hiring, negligent training, and negligent supervision, leaving only a claim for breach of contract and adding a claim for

violation of M.G.L. c. 93A in her shortened Complaint. See Exhibit "2." The Civil Action

Cover Sheet that accompanied the April 2005 Complaint now describes the lawsuit as a

breach of contract claim, and the plaintiff identified $3,751 in documented medical expenses

and $2,000 in documented lost wages and compensation. See id.

With respect to the April 2005 Complaint, the plaintiff again delayed serving her

Complaint upon Wyndham. It appears that service was made on July 1, 2005, two days

before the expiration of the tracking order's deadline for service of process. See Exhibit "4."

Wyndham timely removed this diversity action to the U.S. District Court on July 20, 2005,

filed an Answer on July 26th that raised the statue of limitations as a defense, and now moves

pursuant to Rule 12(b)(6) to dismiss the plaintiff's Complaint for failure to state a claim

upon which relief may be granted.

## ARGUMENT

I. **EACH CLAIM CONTAINED IN THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

In considering a Rule 12(b)(6) motion, the Court must accept as true all *well-pleaded*

factual allegations in the plaintiff's Complaint and must draw all *reasonable* inferences in favor

of the plaintiff. See Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000);

Rockwell v. Cape Cod Hospital, 26 F.3d 254, 255 (1st Cir. 1994). "When ruling on a 12(b)(6)

motion to dismiss for failure to state a claim, the court may consider only the facts alleged in

the pleadings, documents attached as exhibits or incorporated by reference in the complaint,

and matters of which judicial notice may be taken." Nollet v. Justices of the Trial Court of

Mass., 83 F.Supp.2d 204, 208 (D.Mass.2000) citing Samuels v. Air Transp. Local 504, 992

F.2d 12, 15 (2nd Cir. 1993). Certified copies of the court records from the two lawsuits filed

by Ms. Zupofska in Suffolk Superior Court are appropriate for consideration with this

motion, since this Court "may take judicial notice of records in related state court

proceedings on a Rule 12(b)(6) motion." American Glue & Resin, Inc. v. Air Products &

Chemicals, Inc., 835 F.Supp. 36, 40 (D.Mass.1993) citing Rodic v. Thistledown Racing Club,

Inc., 615 F.2d 736, 738 (6th Cir. 1980).

**A.    THE PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THE THREE-YEAR STATUTE OF LIMITATIONS FOR BREACH OF CONTRACT FOR PERSONAL INJURIES SET FORTH IN M.G.L. c. 260, § 2A HAS LONG SINCE PASSED.**

"Under Massachusetts law, the determination of whether the contract or tort statute

of limitations applies is controlled by the essential nature of a party's claim." Royal-Globe

Ins. Co. v. Craven, 411 Mass. 629, 636 (1992) citing Hendrickson v. Sears, 365 Mass. 83, 85

(1974); Kagan v. Levenson, 334 Mass. 100, 103 (1956). "[W]hen the gravamen of the

complaint is that the defendant has caused the plaintiff a personal injury, the shorter three-

year period applies." Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 823 (1994) citing

Royal Globe, 411 Mass. at 637-638 **("[M.G.L. c. 260,] §2A seeks to insure that**

**defendants responsible for personal injuries are not subject to suit for a longer period**

**of time merely because the plaintiff frames her complaint as one for breach of**

**contract")**(emphasis added).[2]

---

[2] The applicable statute of limitations is M.G.L. ch. 260, §2A , which provides: "Except as otherwise provided, actions of tort, **actions of contract to recover for personal injuries,** and actions of replevin, shall be commenced only within three years next after the cause of action accrues. (Emphasis added.)

In this case, a comparison of the plaintiff's March 2004 and April 2005 Complaints shows that the plaintiff has simply omitted the previously asserted tort claims from her Complaint, choosing to rely on the previously asserted claim for breach of contract and adding a claim for violation of M.G.L. 93A. The relief sought by the plaintiff, however, is the same in both complaints – the plaintiff seeks damages for personal injuries. Specifically, the plaintiff's present Complaint alleges that "[a]s a result of [the] assault [she] has sustained economic loss which includes loss of income opportunities, loss of travel opportunities, and a diminishment in the ability of the plaintiff to work as a travel agent." See Exhibit "2", ¶ 24. This attempt to circumvent the statute of limitations by framing the case as a contract dispute is remarkably similar, if not identical, to the tactics that were employed and ultimately rejected in Pagliuca v. City of Boston, 35 Mass.App.Ct. 820 (1994).

In Pagliuca, the plaintiff sought essentially the same damages for her breach of contact claim as Ms. Zupofska seeks in this case. Much like the damages sought by Ms. Zupofska that are described above, the Pagliuca plaintiff alleged that she suffered the following damages as a result of the defendant's breach of contract: "loss of income, loss of personal and professional reputation, career opportunities, mental and emotional distress, pain and suffering, and other damages and losses." See Pagliuca, 35 Mass.App.Ct. at 823-824. The Massachusetts Appeals Court stated that "[a] fair reading of the complaint suggests that all of these losses resulted from the emotional distress and loss of reputation allegedly inflicted on [the plaintiff] by the various defendants." Id. at 824. The Appeals Court further held that the Pagliuca plaintiff's claimed damages constituted personal injuries within the meaning of M.G.L. c. 260, §2A and, therefore, the claim was time-barred. Id.

Just as the Pagliuca's plaintiff's contract claim remained, in essence, a claim for personal injury damages subject to c. 260, §2A, so too is the crux of the present plaintiff's Complaint a claim for personal injury damages. Indeed, even if the plaintiff had chosen to omit all references to the assault, the injuries and the damages from her Complaint to stave off a Rule 12 motion, her characterization of her damages in the Civil Action Cover Sheet accompanying her Complaint nevertheless establishes that this lawsuit seeks damages for personal injury. For example, the plaintiff's Civil Action Cover Sheet states that she has incurred $5,751.00 in documented medical expenses and lost wages, thus making it abundantly clear that the plaintiff continues to seek damages for personal injuries within the meaning of M.G.L. c. 260, §2A.

The plaintiff's cause of action against Wyndham accrued when the plaintiff was allegedly sexually assaulted on March 31, 2001. Her attempt to spin the claim as a contract case to evade the statute of limitations is precisely the type of tactic that the Massachusetts courts have confronted and rejected in multiple decisions. E.g. Pagliuca, supra; Royal-Globe, supra; and Kagan, supra. The plaintiff's Complaint, which was filed on April 5, 2005, is time-barred pursuant to M.G.L. c. 260, §2A. Therefore, the claim should be dismissed.

**B.    THE PLAINTIFF'S CLAIM FOR VIOLATION OF M.G.L. c. 93A MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THE FOUR-YEAR STATUTE OF LIMITATIONS SET FORTH IN M.G.L. c. 260, §5A HAS EXPIRED.**

M.G.L. c. 260, §5A states, in relevant part, that:

Actions arising on account of violations of any law intended for the protection of consumers, including … chapter ninety-three A … whether for damages, penalties or other relief and brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues.

"The accrual dates of the c. 93A claims are established by the same principles as govern the determination of the underlying actions." Eck v. Kellem, 51 Mass.App.Ct. 850, 853-854 (2001) quoting Hanson Housing Authority v. Dryvit Systems, Inc., 29 Mass.App.Ct. 440, 448 (1990); see also Schwartz v. Travelers Indemnity Company, 50 Mass.App.Ct. 672, 678 (2001). "When the underlying actions constituting the G.L. 93A violation are tortuous in nature, '[t]he accrual date for a c. 93A cause of action is determined by the same principles dispositive of the accrual dates of general tort actions,' that is, 'when the plaintiff knew or should have known of appreciable harm resulting from the defendant's [actions] …'" Schwartz, 50 Mass.App.Ct. at 678 quoting International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 221 (1990).

Again, given an accrual date of March 31, 2001 for any causes of actions arising from the alleged assault, the assertion of a 93A claim on April 5, 2005, the date on which this lawsuit was commenced, is untimely. The 93A claim is time-barred because the four-year statute of limitations set forth in M.G.L. c. 260, §5A has expired. Under Rule 12(b)(6), it should be dimissed.

9

CONCLUSION

Based on the foregoing, the defendant, Wyndham International, Inc., requests that

this Court dismiss the plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

Date:  August 1, 2005

The Defendant,
Wyndham International, Inc.,
By its Attorneys,


/s/ Edward D. Shoulkin
Edward D. Shoulkin
B.B.O. No.: 555483
Eric M. Chodkowski
B.B.O. No.: 648629
Taylor, Duane, Barton & Gilman, LLP
160 Federal Street, 5th Floor
Boston, MA  02110
(617) 654-8200

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND
CERTIFICATION OF SERVICE**

I hereby certify that prior to filing this motion, I attempted to confer with William Gately, Jr., plaintiff's counsel, regarding the subject matter of this motion. I further certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 1, 2005.


/s/ Edward D. Shoulkin
Edward D. Shoulkin

**EXHIBIT NO. 1**

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS**                    SUPERIOR COURT
                                   CIVIL ACTION  NO.    04-1385 F

```
******************************
HOLLY ZUPOFSKA              *
       Plaintiff           *
                           *
v.                         *
vi.                        *
                           *
WYNDAM INTERNATIONAL       *
, INC.  and JOHN DOE       *
       Defendants          *
******************************
```

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
2004 MAR 31  P 3 55
SUFFOLK SUPERIOR COU...
CIVIL CLERK'S OFFICE

### COMPLAINT AND JURY CLAIM

Now comes the Plaintiff and states the following:

### L.    THE PARTIES

1.  The Plaintiff Holly Zupofska is an individual residing in the City of Taunton, County of Bristol, Commonwealth of Massachusetts

2.  The Defendant Wyndam International Inc. is a foreign corporation doing business in the Commonwealth of Massachusetts.

### ll.    GENERAL ALLEGATIONS

3.  During the earl y part of February 2001 the Plaintiff won a vacation to a resort in the United State Virgin Islands owned and operated by the Defendant.

4.  The Plaintiff won this trip as a result of selling vacation packages to report(s) owned and operated by the Defendant, Windam Interantional, Inc while in the employ or another entity.

5.  .While on this trip the Plaintiff was representing her employer or was otherwise identified with her employer.

6.  Upon arrival the Plaintiff was sexually assaulted by and employee, agent and/or servant of the Defendant Wyndam, International, Inc.

7.   Upon information and believe the employee. Agent and/or servant had a previous history known to the Defendant Wyndam, International, Inc of inappropriate contact.

8.   The Defendant, Wyndam International, Inc failed to warn or otherwise warn the plaintiff of the dangerous and inappropriate past conduct of tits agents, servants and/or employee.

### LLL.   ALLEGATIONS
### COUNT 1- HOLLY ZUPOSKA V. WYNDAM INTERANTIONAL, INC.
### BREACH OF CONTRACT

9.   The plaintiff re-alleges paragraphs 1 thru 10 as specifically stated and further alleges:

10.  The Defendant, Wyndam, International, Inc. entered into a contract with the plaintiff to provide her with a vacation as a result of the Plaintiff winning the Contest.

11.  The Defendant as part of the contract owed the Plaintiff a duty to ensure that her safety was reasonalbly protected.

12.  The failure of the Defendant to warn the Plaintiff of the dangerous and previous history of its agent, employee and or servant breached a duty owed the Plaintiff by the Defendant.

13.  The breach of duty by the Defendant is a direct and proximate cause of the injuries incurred by the Plaintiff.

14.  The plaintiff incurred severe emotional distress, pain and suffering, personal injury and medical expenses as a result of this breach.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

### COUNT II- HOLLY ZUPOFSKA V. WYNDAM INTERANTIONAL, INC.
### ASSAULT

15.  The plaintiff re-alleges paragraphs 1 thru 14 as specifically stated and further alleges:

16.  The Plaintiff was assaulted by an employee, agent and servant of the Defendant.

17.  The Defendant should have known of the dangerous of its employee.

18.    The plaintiff as injured as a result of this assault.

19.    The Plaintiff has sustained lost wages, emotional distress, personal injures and medical expenses as a result of this accident.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

COUNT III- HOLLY ZUPOFSKA V. WYNDAM INTERANTIONAL, INC.
NEGLIGENT HIRING, TRAINING AND SUPERVISION

20.    The plaintiff re-alleges paragraphs 1 thru 19 as specifically stated and further alleges:

21.    The Defendant knew or should have known of the previous history and complaints concerning the employee who assaulted the Plaintiff.

22.    Despite this knowledge the Defendant  hired, negligently supervised and trained this employee.

23.    The injuries sustained by Plaintiff are a direct and proximate result of the negligence of the Defendant.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

William E. Gately, Jr., Esquire
Law Offices of William E. Gately, Jr.
400 Washington Street
PO Box 850920
Braintree, MA  02185
(781) 848-1200
BBO# 549132

Dated: March 23, 2004

I HEREBY ATTEST AND CERTIFY ON
7 - 2 2 - 05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

THE PLAINTIFF DEMANDS A TIRLA BY JURY ON ALL ISSUES

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1385 F | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) Holly Zupafska

DEFENDANT(S) Wyndam International Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
William E Oakly Sr, 400
Washington St, Banktree MA 02184

ATTORNEY (if known)

Board of Bar Overseers number

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B04    Negligence other    (F)    (✗) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $
2. Total Doctor expenses ........................................ $
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses ........................................ $
5. Total other expenses (describe) psychatre, counselly ........ $ 4300.00

Subtotal $ 4300.

B. Documented lost wages and compensation to date ................ $
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ..... $
E. Reasonably anticipated lost wages ............................. $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $ 4300.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    No

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/31/04

AOTC-6 mtc006-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
7-22-05 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

**EXHIBIT NO. 2**

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: **Suffolk** | Docket Number: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Holly Zupofska | Wyndham International Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| William E. Gately, Jr. - Attorney at Law 00 Washington Street, Suite 201, Braintree, MA 02184 - Board of Bar Overseers Number  549132 | |

### Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial)  (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60)  (X)
☐ 6. E10 Summary Process Appeal  (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | ##A | ( F ) | ( ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses.............................................................$ 450.00
2.  Total Doctor expenses.............................................................$ 3300.000
3.  Total chiropractic expenses.......................................................$ 0.00
4.  Total physical therapy expenses..................................................$ 0.00
5.  Total other expenses.....................................................**Subtotal** $ 1.00
$ **3,751.00**
$ 2,000.00
B.  Documented lost wages and compensation to date..............................$ 0.00
C.  Documented property damages to date............................................$ 0.00
D.  Reasonable anticipated future medical and hospital expenses....................$ 0.00
E.  Reasonable anticipated lost wages..............................................
F.  Other documented items of damages (describe): 93A Damges caused by  Defendants failure to settle claim and breach of contract $ 0.00

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe):
The Plaintiff ws sexually assualted while on cacation by a an employee of the Defendant. The Defendatnt failed to settle claim or specify reason for its denial of laibility.  The Defeant breached contract with the  Plaintiff..
$ 0.00
**TOTAL** $ 5,751.00

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):  The Defeneant failed to provide a trip that the Palintiff won whch was safe.

**TOTAL** $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."

Signature of Attorney of Record _____  DATE: _____

07/06/05  14:04 FAX 214 863 4760   WYNDHAM INTERNATIONAL RM   Case 1:05-cv-11532-RWZ   Document 1   Filed 08/01/2005   Page 3 of 9   ☑005

PSC (800) 518-8726 – c.g.f.

D.S.C. 2003

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury/Property Damage | (F) |
| B04 | Other Negligence-Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment, G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L.c.30A | (X) |
| E03 | Action against Commonwealth /Municipality, G.L.c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L.c.149, s.29, 29A | (A) |
| E11 | Workers' Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L.c.123A, s.9 (SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12, s.11H | (X) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry, G.L.c. 178M, s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture, G.L.c.94C, s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeus Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK**                          **SUPERIOR COURT DEPARTMENT**
                                     **C.A.**

```
*****************************
HOLLY ZUPOFSKA              *
     Plaintiff             *
                           *
                           *
v.                         *
                           *
WYNDHAM INTERNATIONAL,     *
INC.                       *
     Defendant             *
*****************************
```

## COMPLAINT AND JURY CLAIM

Now comes the Plaintiff and states the following:

### I.    THE PARTIES

1. The Plaintiff, Holly Zupofska is an individual residing in Taunton, Massachusetts at all times relevant to this complaint.

2. The Defendant Wyndham International, Inc. is a foreign corporation doing business through the Commonwealth of Massachusetts including Suffolk County.

### II.    GENERAL STATMENET OF FACTS

3. The Plaintiff Holly Zupofska at all times relevant to this complaint was an employee of National Leisure Group, Inc of Woburn Massachusetts

4. The Plaintiff was employed as a travel consultant for National Leisure Group, Inc. at all times relevant to this complaint

5. In January of 2001 while an employee of the National Leisure Group, Inc the Plaintiff sold trips on behalf of the Defendant at a travel exhibition held in Boston, Massachusetts at the Bayside Exposition Center.

6. As a part of this travel exhibition the Plaintiff was eligable and took part in a sales contest

7. The Plaintiff won the sales contest and was awarded a free trip for two at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas, USVI for two.

8. As a part of this trip the Plaintiff would be viewed as a representative of her employer, National Leisure Group, Inc.

9. The Plaintiff along with a Guest (another employee of national Leisure Group, Inc. arrived at the resort on or about March 31, 2002.

10. Upon arrival at the resort and check-in the Plaintiff proceeded to the Buffet and pool area where she was greeted by the Hotel's Activities Director, Patrick Taylor

11. The Defendant's Activities Director greeted the Plaintiff and her guest and advised them that they should contact him if they needed anything.

12. During the course of the remainder of the evening the Plaintiff and Patrick Taylor discussed the many features of the resort, the changes from the previous year and other general business matters.

13. During the Course of the evening the Plaintiff and the Patrick Taylor ate and drank at the Hotel Buffet.

14. During the evening the Plaintiff was sexually assaulted by Patrick Taylor the Defendant's activities director.

15. Upon information and belief the Defendant's employee, servant and agent, Patrick Taylor had engaged in al least one earlier incident of inappropriate sexual behavior of which the Defendant was aware or should have been aware

16. Upon information and belief the Defendant's failed to discipline and/or terminate this employee, servant and agent for this previous incident of inappropriate sexual behavior.

17. During the preceding days the plaintiff reported the incident to the management of the Resort and to local law enforcement authorities.

## COUNT I.-REACH OF CONTRACT

18. The Plaintiff re-alleges paragraphs 1 thru 20 as previously stated and further alleges

19. The Defendant entered into a contract with National Leisure Group, Inc. and its employee(s) to provide a free trip to the employee who was the top sales consultant at the travel exhibition.

20. The formation of this contract occurred within the Commonwealth of Massachusetts.

21. The trip was to be all inclusive.

22. As a part of this contract the Defendant had a duty to provide safe and reasonable accommodations to the Plaintiff as the winner of the sales contest and her guest.

23. The Defendant breached this contract by employing the person who assaulted her and allowing conditions to exist under which the Plaintiff was put in contact with this dangerous individual in his role as a representative, employee, servant and/or consultant for the Defendant.

24. As a result of this assault the Plaintiff has sustained economic loss which includes loss of income opportunities, loss of travel opportunities and a diminishment in the ability of the Plaintiff to work as a travel agent.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT II-UNFAIR AND DECEPTIVE BUISNESS PRACTICES

25. The Plaintiff re-alleges paragraphs 1 thru 33 as previously stated and further alleges

26. The facts and allegations as stated above also represent a violation of Chapter 93A of the Massachusetts General Law.

27.  On or about October 16, 2001 the Defendant was served with a Demand for Settlement.

28.  The Defendant failed during the subsequent 30 days or at anytime since then to extend a reasonable settlement offer.

29.  Wherefore the Plaintiff requests that the Court find that the Defendant has violated Chapter 93A.

30.  The Plaintiff further requests that any damages awarded to her be trebled and that she be awarded attorneys fee and reasonable costs in accordance with the provisions of Chapter 93A of the Massachusetts General Law.

Wherefore the Plaintiff demands judgment against the Defendant in an amount to be determined by a Judge or Jury.

Respectfully Submitted
The Plaintiff
By her Attorney,


William E. Gately, Jr.
BBO#: 549132
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA  02185

Exhibit D

# LAW OFFICE OF DAVID GROSSACK, P.C.
Post Office Box 90
Hull, Massachusetts 02045
Telephone: (781) 261-9990
Facsimile: (781) 261-9996

October 16, 2001

Mr. Ted Teng
Wyndham International
1950 North Stemmons Freeway, Suite 6061
Dallas, TX 75207

Dear Mr. Teng:

Please be advised the undersigned represents Ms. Holly Zupofska in her claim against your corporation for negligence, unfair and deceptive business practices, breach of contract and other tortious wrongdoing arising from an incident which occurred at the Wyndham Sugar Bay Beach Club and Resort in St. Thomas.

My client is employed as a travel consultant by National Leisure Group in Taunton, Massachusetts. At a recent travel show she was a winner of a contest sponsored by your company in which the prize was a vacation at the Wyndham Resort in St. Thomas.

Ms. Zupofska arrived at the resort on March 31, 2001.

The hotel's activities director, Patrick Taylor, introduced himself to my client in a representative capacity of your hotel. His pretext for meeting and speaking with my client was to explain to her the features of the hotel for promotional use in the travel business. He invited himself to join her and then spiked her drink with a date rape drug.

Ms. Zupofska was later raped and sodomized by your employee on the beach near the hotel, and she continues to suffer great emotional distress from the incident.

It is our understanding that Mr. Taylor had been disciplined for inappropriate sexual conduct in the past by your company.

The hiring, lax supervision, and maintaining on the payroll of Mr. Taylor breached a duty of care owed to patrons.

Page 2 of 2
October 16, 2001 - Ted Teng, Wyndham International
Re: Holly Zupofska

Moreover, because the conduct of your employee was an outrageous criminal act conducted in the context of a "business to business" relationship between your company and Ms. Zupofska in her capacity as a travel agent, Massachusetts Law Chapter 93A applies.

This statute makes all unfair and deceptive business practices unlawful. The hiring of a dangerous sexual predator such as Mr. Taylor, and keeping him employed after he was known as such, was surely an unfair business practice. If he had not been employed by your company, he would never have been in a position to abuse my client.

Clearly when Ms. Zupofska agreed to accept her prize and come to your hotel she had no idea of the risks involved.

As a direct and proximate cause of your company's neglect, my client has suffered a trauma which will impact her for the rest of her life.

Therefore, I am demanding as compensation for her the sum of $2,000,000.00.

Massachusetts General Law Chapter 93A allows you thirty (30) days to respond to this claim after a diligent investigation. Failure to respond to this demand when liability and damages are clear may subject your company treble damages and responsibilities for my fee.

I would therefore expect you to reply to this demand promptly after a reasonable good faith investigation of this incident.

Sincerely,

David C. Grossack

DCG/jls

**EXHIBIT NO. 3**

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

3

CIVIL DOCKET #    SUCV2004-01385

RE: **Zupofska v Wyndam International Inc et al**

TO: William E Gately Jr
400 Washington Street, Suite 201
PO Box 850920
Braintree, MA  02185

## JUDGMENT OF

## DISMISSAL UNDER STANDING ORDER 1 - 88

This action came on before the Court, pursuant to Standing Order 1-88, and it appearing that service of process has not been completed upon the defendant(s) named below, it is ORDERED and ADJUDGED that the complaint is hereby dismissed, without prejudice, with respect to said defendant(s).

Doe, JOhn
Wyndam International Inc,

This judgement may be vacated only by the Regional Administrative Justice (or designee).

Dated this 14th day of July, 2004.

Joseph M Walker, III Justice

Michael Joseph Donovan
Clerk of Courts

BY:

Martin J. Conley/Timothy Walsh
Assistant Clerk

Telephone: 617-788-8131

I HEREBY ATTEST AND CERTIFY ON
7-22-05 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

Copies mailed.

**EXHIBIT NO. 4**



**CSC.**

CORPORATION SERVICE COMPANY®

> **RECEIVED**
> JUL 0 5 2005
> WYNDHAM LEGAL DEPT.

# Notice of Service of Process

BMZ / ALL
Transmittal Number: 4063554
Date Processed: 07/01/2005

**Primary Contact:**    Shannon Taylor
Wyndham International
1950 Stemmons Frwy
Suite 6001
Dallas, TX 75207

*C/P/F/R to Risk*

| | |
|---|---|
| **Entity:** | Wyndham International Inc.<br>Entity ID Number 1893385 |
| **Entity Served:** | Wyndham International, Inc. |
| **Title of Action:** | Holly Zupofska vs. Wyndham International, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Suffolk County Superior Court , Massachusetts |
| **Case Number:** | SUCV2005-130 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 07/01/2005 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney :** | William E Gately, Jr.<br>None Given |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com